CADILLAC GAGE COMPANY, Plaintiff,

v.

Edward J. BRENNER, Commissioner of
Patents, Defendant.

Civ. A. No. 1341–65.

United States District Court
District of Columbia.

Oct. 14, 1965.

A. Robert Theibault, Wilkinson, Maw-hinney & Theibault, Washington, D. C., for plaintiff.

Clarence W. Moore, Sol. U. S. Patent Office, Washington, D. C., for defendant.

JACKSON, District Judge.

Plaintiff brings this action under 5 U.S.C. § 1009 requesting the Court for an adjudication that application Serial No. 797,794 filed March 6, 1959 for a "Sealing Device", assigned to plaintiff by applicants Roger E. Kline and James J. Graham, should be restored to a state of pendency, the application now being considered abandoned by the Patent Office, and for a further adjudication that the defendant be authorized to forward certain affidavits of co-applicants Kline and Graham, together with the application, to the Administrator of the National Aeronautics and Space Administration (hereinafter designated NASA) for a determination by the Administrator whether the patent should be issued to plaintiff or to the Administrator on behalf of the United States Government.

The pertinent statutory provision with which the Court is concerned in this case is 42 U.S.C. § 2457(c),[1] which provides that the Commissioner of Patents, in any case concerning an invention which appears to have significant utility in the conduct of aeronautical and space activities, should require the applicant to file a written statement under oath composed of the following two parts:

1. The full facts concerning the circumstances under which the invention was made;

2. A statement of the relationship (if any) of the invention to the performance of any work under a NASA contract.

42 U.S.C. § 2457(c) further provides that the Commissioner should transmit each such statement and the patent application to which it relates to the Administrator of NASA for a determination by the Administrator whether the patent should issue to the applicant or to the Government.

The facts in the present case are not in dispute and this Opinion is rendered upon defendant's motion for summary judgment, in which motion the plaintiff joins.

The pertinent facts concerning the prosecution of this case in the Patent Office are as follows:

Subsequent to a determination by the Examiner that the subject matter of the case was allowable, the Patent Office made an informal requirement that the plaintiff file a statement of the type specified in 42 U.S.C. § 2457(c). In response to this requirement plaintiff filed affidavits of co-applicants Kline and Graham, which affidavits stated simply that the work which led to the invention was not performed pursuant to any NASA contract. In response, the Patent Office, on May 31, 1963, notified plaintiff that the affidavits were insufficient in that the full facts concerning the circumstances under which the invention was made were not set forth. In particular the Patent Office requested information as to whether the invention was made on

---

1. The full text of 42 U.S.C. § 2457(c) is as follows:

(c) No patent may be issued to any applicant other than the Administrator for any invention which appears to the Commissioner of Patents to have significant utility in the conduct of aeronautical and space activities unless the applicant files with the Commissioner, with the application or within thirty days after request therefor by the Commissioner, a written statement executed under oath setting forth the full facts concerning the circumstances under which such invention was made and stating the relationship (if any) of such invention to the performance of any work under any contract of the Administration. Copies of each such statement and the application to which it relates shall be transmitted forthwith by the Commissioner to the Administrator.

applicants' or employer's time, and whether applicant's or employer's material resources were utilized.

It is apparent from the record that the Patent Office made the informal requirement for a statement in order to benefit the plaintiff, since a formal requirement under Section 2457(c) requires that a proper statement be filed within 30 days after request therefor. However plaintiff did not respond to this further informal requirement of May 31, 1963; and four months later, on September 30, 1963, the Commissioner issued a formal request for the filing of a proper written statement pursuant to the statute.

The record shows that there was no response filed by plaintiff within the 30-day statutory period after this formal request; and on December 12, 1963, the Patent Office notified plaintiff that the application would accordingly be forwarded to the abandoned files of the Patent Office.

Subsequently, plaintiff filed four petitions to the Commissioner seeking to revive the application, and to have the Commissioner forward the previously mentioned affidavits of co-applicants Kline and Graham to the NASA Administrator for the statutory determination of whom should receive the patent.

The four petitions were denied principally on the ground that plaintiff failed to respond to either the informal requirement of May 31, 1963, or the formal request of September 30, 1963. The plaintiff having exhausted its administrative remedies within the Patent Office, this action under 5 U.S.C. § 1009 was brought to obtain the relief requested.

■ The Court agrees with the parties that disposition of the case upon summary judgment is proper, there being no genuine issue as to any material fact.

The statutory provision, 42 U.S.C. § 2457(c), clearly requires not only a statement of the relationship of the invention sought to be patented to the performance of any work under NASA contract but also requires that the "full facts concerning the circumstances under which such invention was made" be set forth. It is equally clear from reading the statute that these "full facts" are to be set forth in the statement even in a situation, such as here, where no NASA contract is involved. This is obvious from the parenthetical inclusion of the words "if any" immediately following the word "relationship" in the portion of Section 2457(c) specifying the second part to be included in a proper written statement.

■ While the words "full facts" may be considered somewhat ambiguous by plaintiff, the fact remains that the informal requirement of May 31, 1963 by the Patent Office provided some guidelines as to the desired information. Yet plaintiff failed to respond to this informal requirement or to the subsequent formal request.

■■ When a statute provides that a statement be composed of two parts, and the statements actually filed include only one of those two parts, those statements are clearly insufficient as a matter of law. When the statements are legally insufficient, as applicants' affidavits filed April 19, 1963, are in this case, the Court holds that it is within the broad discretion of the Commissioner of Patents pursuant to 35 U.S.C. § 6 [2] to refuse to transmit such legally insufficient statements, and the application to which they relate, to the Administrator of NASA.

■ The Court is further of the opinion that, where the Commissioner entertains doubts as to whether the "full facts" are set forth in a statement, then

2. The full text of 35 U.S.C. § 6 is as follows:

§ 6. Duties of Commissioner

The Commissioner, under the direction of the Secretary of Commerce, shall superintend or perform all duties required by law respecting the granting and issuing of patents and the registration of trade-marks; and he shall have charge of property belonging to the Patent Office. He may, subject to the approval of the Secretary of Commerce, establish regulations, not inconsistent with law, for the conduct of proceedings in the Patent Office.

such statement and the application to which it relates should be forwarded to the Administrator. In other words, reasonable doubts of the Commissioner as to sufficiency should be resolved in favor of the applicants. If the NASA Administrator requires more information, he may then notify applicants to that effect.

■ The Court agrees with the Patent Office that plaintiff's undue delay in responding to both the informal request of May 31, 1963, and the formal request of September 30, 1963, deprive it of recourse to equitable relief.

It is noted from the record that plaintiff made no response whatsoever within the 30-day period provided by the statute after the formal request. The reason advanced by plaintiff was that it had not been possible to obtain affidavits as to the full facts executed by both the inventors in this case. However, the record shows that co-applicant Kline executed an affidavit which on its face would comply with 42 U.S.C. § 2457(c) on October 7, 1963, only one week after the formal request.

■ The Court holds that recourse by plaintiff to equitable relief would properly require plaintiff to have filed the one affidavit which was available within the 30-day statutory period, together with a statement that plaintiff was diligently pursuing co-applicant Graham for the purpose of persuading him to execute a further affidavit similar to that of Kline. If such a proper statement by one of the co-applicants had been filed, together with a suitable explanation as to why it was not possible to file a similar statement by the other joint applicant within the statutory period, the Court is of the opinion that the Commissioner of Patents, again within the proper discretion provided by 35 U.S.C. § 6, could have either forwarded such statement and explanation, together with the application, to the Administrator, or could have allowed plaintiff a reasonable extension of time in order to obtain a proper statement from the other co-applicant.

However, since plaintiff filed no response at all to the Commissioner's formal request within the 30-day statutory period, the Court holds that such failure to respond constitutes a forfeiture of the application on the part of plaintiff. In view of this determination that plaintiff is not entitled to either legal or equitable relief, the Court grants defendant's motion for summary judgment and dismisses plaintiff's complaint.

This Opinion contains Findings of Fact and Conclusions of Law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.