**CADILLAC GAGE COMPANY, Appellant,**

v.

**Edward J. BRENNER, Commissioner of Patents, Appellee.**

**No. 19900.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 7, 1966.

Decided June 16, 1966.

Mr. A. Robert Theibault, Washington, D. C., for appellant.

Mr. S. William Cochran, Washington, D. C., Attorney, with whom Mr. Joseph Schimmel, Sol., was on the brief, for appellee.

Before BAZELON, Chief Judge, BASTIAN, Senior Circuit Judge, and BURGER, Circuit Judge.

BASTIAN, Senior Circuit Judge.

This is an appeal from a judgment of the United States District Court denying appellant's motion for summary judgment, granting that of appellee, Commissioner of Patents, and dismissing appellant's complaint in a suit by which appellant (plaintiff in the District Court) sought a judgment authorizing the Commissioner of Patents to restore to pendency appellant's application for patent for a sealing device. The facts are not in dispute.

On March 6, 1959, application for patent was filed by the inventors of the device, employees of appellant, which application was assigned to appellant. On March 1, 1963, the Commissioner of Patents advised the appellant-applicant that the Examiner had found the application for patent allowable. On March 15, 1963, the Patent Security Division of the Patent Office served notice on counsel for appellant that the application appeared to have significant utility in the conduct of aeronautical and space activities as set forth in 42 U.S.C. § 2457(c), and re-

quested appellant to file, in accordance with the provisions of that law, a statement "setting forth the full facts concerning the circumstances under which such invention was made and stating the relationship (if any) of such invention to the performance of any work under any contract of the National Aeronautics and Space agency." This notice was informal, and called attention to the fact that the law provided that no patent could issue unless a statement to the effect indicated was filed within thirty days of formal requirement for the statement, should that become necessary, and that § 2457(c) made no provision for extension of the time limit.[1] That section of the statute provides:

"*Patent application.* No patent may be issued to any applicant other than the Administrator for any invention which appears to the Commissioner of Patents to have significant utility in the conduct of aeronautical and space activities unless the applicant files with the Commissioner, with the application or within thirty days after request therefor by the Commissioner, a written statement executed under oath setting forth the full facts concerning the circumstances under which such invention was made and stating the relationship (if any) of such invention to the performance of any work under any contract of the Administration. Copies of each such statement and the application to which it relates shall be transmitted forthwith by the Commissioner to the Administrator."

Thereafter, on April 25, 1963, appellant filed two statements under oath by the inventors purporting to comply with

1. In view of the stringent statutory time limit for filing a statement, it has been the long-standing policy of the Patent Security Division to issue a 45-day warning letter stating that the application is in condition for allowance, but that a statement appears to be required under either the Atomic Energy Act or the Space Act before a patent can be issued. See Statement of Commissioner of Patents, Hearings on Atomic Energy Patents Before the Joint Committee on Atomic Energy, 86th Cong., 1st Sess. 54–55 (Comm.Print

1959); and Hearings on Patent Policies Relating to Aeronautical and Space Research Before the Subcommittee on Patents and Scientific Inventions of the House Committee on Sciences and Astronautics, Part 2, 87th Cong., 2d Sess. 116 (Comm.Print 1962). Here, over seven months passed from the time appellant received the informal notice that a statement was required and the time that it was notified that its application was abandoned for failure to submit the requested statement.

the requirements of the act. These statements read:

"I, Roger E. Kline, being duly sworn, deposes and says [sic] that I am one of the applicants in the above identified application for United States Letters Patent, and that at the time I conceived and reduced to practice the invention which is the subject matter of said application, I was not performing any work under any contract of the National Aeronautics and Space Agency."

"I, James J. Graham, being duly sworn, deposes and says [sic] that I am one of the applicants in the above identified application for United States Letters Patent, and that at the time I conceived and reduced to practice the invention which is the subject matter of said application, I was not performing any work under any contract of the National Aeronautics and Space Agency."

It is to be noted at this point that while the provision of the latter part of § 2457(c), to the effect that the statement set forth "the relationship (if any) of such invention to the performance of any work" under any NASA contract, was complied with, the statements did not contain "the full facts concerning the circumstances under which such invention was made." And accordingly, on May 31, 1963, the Supervisor of the Security Group acknowledged the statements as follows:

"These statements are not acceptable since they do not set forth the full facts concerning the making and conception of the invention, such as whether the invention was made on the inventors' or the employer's time, using the inventors' or their employer's funds, facilities and material.

"This application will be reached in about 30 days for consideration of the need to call it to the attention of the Commissioner for the purpose of requesting formal statements under Sec. 305c, unless new or supplementary statements correcting the above defects are filed in the meantime."

Not having heard from appellant, the Commissioner sent formal notice to appellant on September 30, 1963, stating that "[i]n accordance with the provisions of the above law, applicant is hereby requested to file a statement under oath setting forth the full facts surrounding the making or conception of the invention or discovery described in the application," and calling attention to the fact that "no patent can issue thereon unless such a statement is filed within thirty days from the date of this request," and that no provision was made under the law for an extension of time.

On December 12, 1963, having received no response to the formal notice of September 30, the Examiner notified appellant that under the statute no patent could issue to appellant on the invention described and claimed, and stated that the application "in due course will be sent to the abandoned files."

Thereafter, appellant filed four petitions with the Commissioner of Patents seeking to revive the application and to have the Commissioner forward the previously mentioned affidavits to NASA for statutory determination of who could receive the patent. The petitions were denied on the ground that appellant had failed to respond to either the informal notice of May 31, 1963, or the formal request of September 30, 1963.

Having exhausted the administrative remedies of the Patent Office, appellant instituted the instant action to obtain the relief requested in the complaint. Both appellant and appellee filed motions for summary judgment, and the District Court, on October 15, 1965, entered its judgment denying appellant's motion for summary judgment, granting that of appellee, and dismissing the complaint. 247 F.Supp. 62 (D.D.C.1965). This appeal followed.

Appellant here urges that, in passing on the sufficiency of the statements submitted pursuant to § 2457(c), the Commissioner exceeded his power, that his

power under subsection (c) is merely ministerial, and that, in any event, the statements were sufficient as a matter of law and should have been transmitted forthwith, together with the application for patent, to the Administrator so that the provisions of § 2457(d),[2] providing for issuance of a patent to an applicant, could have been invoked. Appellant further urges that if the Commissioner does have discretionary power under subsection (c), such power is limited to determining which cases have possible significant utility in the conduct of aeronautical and space activity.

We do not view the power of the Commissioner to be so limited. Were that so, all statements would have to be transmitted to the Administrator, and the requirement that a statement of "full facts" be made to the Commissioner would be a needless formality, something Congress surely did not intend. Furthermore, if the purpose of subsection (c) was merely to apprise the Administrator of inventions thought to have significant utility in the conduct of aeronautical and space activity, the applications having such utility would simply be referred to the Administrator, as is done in cases in which a question of national security arises, as provided for by § 2457(i) in reference to 35 U.S.C. § 181.[3] Obviously, any statement transmitted by the Commissioner to the Administrator which did not contain the "full facts" would not be within the mandate imposed upon the Commissioner by Congress. Unless the Commissioner passes on the sufficiency of such statements, he clearly would not be discharging the duty imposed upon him. Therefore, in view of the statutory language, the Commissioner's duty under § 2457(c) is not merely ministerial, but requires that he pass on the sufficiency of the statements.

The further requirement of subsection (c) that "[c]opies of each such statement and the application to which it relates shall be transmitted forthwith by the Commissioner to the Administrator" does not mean that the Commissioner is prohibited from requiring supplemental statements correcting any insufficiency. On the contrary, the term "forthwith" merely authorizes the Commissioner to transmit sufficient statements together with the application to the Administrator upon determination that the invention has significant utility in aeronautical and space activity without waiting for the application to be held allowable.[4]

With regard to the Commissioner's determination that the statements submitted by appellant were insufficient, we must agree with the District Court. Appellant satisfied the second of the two-part requirement of subsection (c) by stating that the invention was not made under a NASA contract, but nowhere does there appear any statement "setting forth the full facts concerning the circumstances under which such invention was made." Despite appellant's argument to the contrary, what constitutes "full facts" is not in issue in this case; no facts were ever proffered. Appellant argues that its statement that the invention was not made under a NASA contract necessarily implies that it was made on appellant's own time and with its own money and facilities, and that, had those facts been stated, the statements would have been sufficient. The statute, however, requires certain definite and "full facts" concerning the circumstances under which the invention was made, and those facts were not given.

2. § 2457(d) provides for issuance of patent to the applicant in cases in which the requested statement is filed and the Administrator does not request title within 90 days, and for an adversary hearing in cases in which he requests title.

3. Chapter 17 of Title 35 U.S.C., Patents, §§ 181–188, deals with the secrecy of certain inventions and the withholding of patents for such inventions from issue, etc.

4. Hearings Before the House Subcommittee on Patents and Scientific Inventions, *supra* note 1.

Whether the Commissioner could have allowed appellant an extension of time within which to file supplemental statements under subsection (c) need not be decided. It is clear that appellant had more than sufficient time to file the requested statements, and this it failed to do.

The judgment of the District Court is Affirmed.